### INTERNATIONAL HIDE & SKIN CO. v. NEW YORK DOCK CO.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. WHARF—RIGHT TO COLLECT CHARGES.

    The owner of a wharf in the city of New York may collect charges for its occupation by merchandise for less than 24 hours, notwithstanding Greater New York Charter, § 862 (Laws 1901, p. 372, c. 466), providing that the owner of a wharf may collect charges on merchandise after it has been left there over 24 hours, and they shall be a lien thereon.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the International Hide & Skin Company against the New York Dock Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, C. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Joseph Fitch (Joseph R. Swan, on the brief), for appellant.

Charles E. Hotchkiss (Julien T. Davies, Jr., and Ward W. Pickard, on the brief), for respondent.

WILLARD BARTLETT, J. This action is brought to recover the amount of certain charges which the defendant compelled the plaintiff to pay for the occupation of the defendant's wharf by the plaintiff's goods for a period of less than 24 hours. The demurrer raises the question whether, under section 862 of the Greater New York Charter (Laws 1901, p. 372, c. 466), an owner or a lessee of a wharf in the city of New York is prohibited from collecting any compensation for the occupation of such wharf by merchandise landed thereon from a vessel and left there, until after the expiration of 24 hours from the time when the goods are thus landed. The charter provision cited is as follows:

"It shall be lawful for the owners or lessees of any pier, wharf, or bulkhead within the city of New York, to charge and collect the sum of five cents per ton on all goods, merchandise, and materials remaining on the pier, wharf, or bulkhead owned or leased by him, for every day after the expiration of twenty-four hours from the time such goods, merchandise, and materials shall have been left or deposited on such pier, wharf, or bulkhead, and the same shall be a lien thereon." Laws 1901, p. 372, c. 466, § 862.

I think that the question presented by this demurrer must be deemed settled in favor of the defendant by the decision of the Court of Appeals in the case of Woodruff v. Havemeyer, 106 N. Y. 129, 12 N. E. 628, where the court had under consideration section 2 of chapter 320, p. 800, of the Laws of 1872, the provisions of which are now found in section 862 of the Greater New York Charter. It was pointed out that the enactment "does not in terms prohibit wharfingers from entering into special contracts for the use of their wharves for the storage or deposit of goods thereon during the first twenty-four hours," and it was expressly declared that the statute could not be construed "to prohibit the owner of a private wharf from entering into a contract for the landing and deposit of goods upon his wharf upon such terms as may be agreed upon between himself and the owner of the goods, nor can it be construed as requiring him to store goods for any period of time without compensation." From the last proposition, it follows that when a wharf in the city of New York is used for less than 24 hours for the deposit of merchandise, and there is no express agreement as to the measure of compensation, "the contract is implied, and the proprietor is entitled to recover what is just and reasonable for the use of his property and the benefit conferred." See Ex parte Easton, 95 U. S. 68, 24 L. Ed. 373. From the facts stated in the complaint, the existence of such a contract must be inferred, and there is no allegation that the charges which the defendant required the plaintiff to pay were unreasonable in amount. The complaint does not state a cause of action, and the demurrer was properly sustained.

Judgment of the Municipal Court affirmed, with costs. All concur.